HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,

Plaintiff,

v.

SAMUEL M. WRIGHT, DIANA L. WRIGHT, INTERNAL REVENUE SERVICE, STATE OF WASHINGTON DEPARTMENT OF LABOR & INDUSTRIES, ISLAND COUNTY TREASURER, WASHINGTON DEPARTMENT OF REVENUE,

Defendants.

No. 2:21-cv-00024-MLP

**UNITED STATES' REPLY IN SUPPORT OF SUMMARY JUDGMENT**

**NOTE ON MOTION CALENDAR:**

**July 2, 2021**

Defendant United States of America moved the Court for summary judgment under Federal Rule of Civil Procedure 56 that $153,559.07 of the surplus funds from the trustee's non-judicial foreclosure sale of 386 SE Pasek St., Oak Harbor, WA 98277 ("Subject Property") be awarded to the United States of America. This sum includes $1,093.35 that interpleader plaintiff Quality Loan Service Corporation ("QLS") improperly awarded itself for filing this interpleader action.

Although QLS does not oppose the United States' claim on the interpleaded funds, QLS argues that it is entitled to the costs and fees it incurred from filing the interpleader and giving notice of the interpleader to potentially interested parties. *See* ECF No. 6 at 1. QLS is incorrect.

Reply ISO Summary Judgment
(Case No. 2:21-cv-00024-MLP)

1

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6648

***1.   Interpleader expenses are not costs of "collecting or enforcing" a lien, and therefore cannot have priority.***

In its motion for summary judgment, the United States explained why its federal tax liens have priority over a non-judicial foreclosure trustee's claims. *See* ECF No. 5 at 11 (citing *U.S. By & Through I.R.S. v. McDermott*, 507 U.S. 447 (1993) ("Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'")). QLS does not contest this fundamental principle, instead arguing that under 26 U.S.C. § 6323(e)(3) their costs and fees are an exception to the rule because they were incurred as part of the non-judicial foreclosure. *See* ECF No. 6 at 2. The United States does not dispute that genuine costs and fees incurred as part of the foreclosure sale itself fall under the subsection (e)(3) exception, but costs and fees for filing an interpleader action do not. *See Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516-517 (9th Cir. 1984) ("Courts have clearly held, however, that the existence of prior federal tax liens gives the government a statutory priority over the interpleader plaintiff's ability to diminish the fund by an award of fees.") (citing *Bank of America National Trust & Savings Assn. v. Mamakos*, 509 F.2d 1217, 1219–20 (9th Cir. 1975); *Campagna-Turano Bakery, Inc. v. United States*, 632 F.2d 39, 41 (7th Cir.1980); *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1974); *see also United States v. R.F. Ball Construction Co.*, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958)).

QLS incorrectly claims that state law in Washington changes this settled law that interpleader costs and fees do not fall under the subsection (e)(3) exception by requiring a non-judicial foreclosure trustee to deposit surplus funds and give notice. *See* ECF No. 6 at 1. However, there are two problems with QLS's argument.

First, QLS reads too much into Washington law. RCW § 61.24.080 only allows a trustee to apply proceeds towards the "expense *of sale*, including a reasonable charge by the trustee and by his or her attorney" (RCW § 61.24.080(1), emphasis added) and, later, to the "clerk's filing fee" for depositing excess proceeds with the clerk of the superior court of the county in which

Reply ISO Summary Judgment
(Case No. 2:21-cv-00024-MLP)

2

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6648

the sale took place (RCW § 61.24.080(3)).  Nowhere does the statute explicitly allow a trustee to claim anything more than the filing fee in connection with the latter action.  The filing fee here should have been no more than $240.  *See*, Island County Superior Court & Clerk's Fee Schedule, https://perma.cc/UXV2-AGLB.  Thus, even if QLS's overall argument based on RCW § 61.24.080 otherwise had merit and only state law were applied, the statute does not clearly allow QLS to keep the full amount it retained.

Second, and more significantly, QLS misinterprets 26 U.S.C. § 6323.  Subsection (e)(3) states that its exception only applies to "the reasonable expenses, including reasonable compensation for attorneys, actually incurred in collecting or enforcing the obligation secured, …."  By QLS's own admission, the interpleader only covers surplus funds and as a result by the time the funds are deposited with the Court, the underlying collection—the foreclosure—has already been accomplished and the "obligation" extinguished.  Because the foreclosure and collection are necessarily complete before any costs can be incurred as part of the interpleader action, the costs and fees improperly withheld by QLS cannot fall under subsection (e)(3).

### 2. *Washington law does not grant the interpleader expenses the same priority as QLS's lien, so they cannot have priority over the federal tax lien.*

QLS ignores the interaction between Washington law and 26 U.S.C. § 6323.  Under 26 U.S.C. § 6323(e), expenses covered in that subsection can only attain the same priority as the original lien "to the extent that, under local law, any such item has the same priority as the lien or security interest to which it relates."  The costs and fees QLS incurred in connection with this interpleader do not qualify.

Specifically, as QLS notes, RCW § 61.24.080 governs how a trustee should apply funds following a foreclosure sale.  The statute is explicit that the cost incurred in handling excess proceeds from the sale has a *lower* priority than "the obligation secured by the deed of trust." *Compare* RCW § 61.24.080(2) and RCW § 61.24.080(3).  It would have been trivial for the Washington legislature to include costs of filing an interpleader in the same priority category as

Reply ISO Summary Judgment  
(Case No. 2:21-cv-00024-MLP)

3

**U.S. Department of Justice**  
Tax Division, Western Region  
P.O. Box 683  
Washington, D.C.  20044  
Telephone: 202-307-6648

the obligation being foreclosed – all it had to do was expand RCW § 61.24.080(2) slightly to cover them. It did not.

Under the plain language of the Washington statute, interpleader costs inhabit a lower rung on the payment ladder, only implicated if there is a surplus. *See, e.g., Bert Kuty Revocable Living Tr. ex rel. Nakano v. Mullen,* 175 Wash. App. 292, 305, 306 P.3d 994, 1000 (2013). Thus, regardless of whether the interpleader costs actually fall within 26 U.S.C. § 6323(e)(3)'s provision for costs of "collecting or enforcing the obligation secured," local law does not vest them with the "same priority" as the lien to which they relate. As a result, these amounts cannot be deducted before the federal tax liens are paid in full. *See, e.g.* United States v. Weathers, No. C18-5189 BHS, 2020 WL 4934247, at *3 (W.D. Wash. Aug. 24, 2020) (to be entitled to costs/fees ahead of a federal tax lien under 26 U.S.C. § 6323(e)(3), lienholder must "establish as a matter of law that such fees have the same priority as the underlying lien under Washington law"), *Weathers*, No. C18-5189 BHS, slip op. (W.D. Wash. Dec. 1, 2020) (lienholder failed to establish priority and therefore was not entitled to fees).

In sum, QLS's opposition to the United States' motion must fail, because QLS does not (and cannot) establish that it was entitled to deduct its interpleader costs and fees before the federal tax liens were paid in full. The tax liens have priority, and QLS should be ordered to deposit with the Court the funds it improperly retained.

## CONCLUSION

The United States of America asks that the Court order (1) that Quality Loan Service Corporation be ordered to deposit the $1,093.35 that it improperly awarded itself with the Court,

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6648

and (2) that the Court award $153,559.07 of the surplus funds from the trustee's non-judicial foreclosure sale of 386 SE Pasek St., Oak Harbor, WA 98277 to the United States.

DATED this 2nd day of July, 2021.

                                        Respectfully submitted,

                                        DAVID A. HUBBERT
                                        Acting Assistant Attorney General

                                        */s/ James Petrila*
                                        JAMES PETRILA
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 683
                                        Washington, D.C. 20044

Reply ISO Summary Judgment           5          **U.S. Department of Justice**
(Case No. 2:21-cv-00024-MLP)                       Tax Division, Western Region
                                                                                     P.O. Box 683
                                                                                        Washington, D.C. 20044
                                                                                        Telephone: 202-307-6648

# CERTIFICATE OF SERVICE

Defendant United States of America, by and through its undersigned counsel, hereby gives notice that on July 2, 2021 it caused true and correct copies of this United States' Reply In Support Of Summary Judgment to be delivered to registered parties via ECF, and on the following via U.S. Mail:

RESIDENT
386 SE PASEK ST
OAK HARBOR. WA 98277

OCCUPANT
386 SE PASEK ST
OAK HARBOR, WA 98277

ISLAND COUNTY TREASURER
I NE 7TH STREET
COUPEVILLE, WA 98239

WASHINGTON DEPARTMENT OF REVENUE
PO BOX 47450
OLYMPIA, WA 98504-7450

CURRENT OCCUPANT
386 SE PASEK ST
OAK HARBOR, WA 98277

SAMUEL M. WRIGHT
386 SE PASEK ST
OAK HARBOR, WA 98277

DIANA L. WRIGHT
386 SE PASEK ST
OAK HARBOR. WA 98277

DIANA L. WRIGHT
326 NW 8TH AVE
OAK HARBOR, WA 98277

STATE OF WASHINGTON
DEPARTMENT OF LABOR & INDUSTRIES
COLLECTIONS
7273 LINDERSON WAY SW
TUMWATER, WA 98501 5414

STATE OF WASHINGTON
DEPARTMENT OF LABOR & INDUSTRIES
525 EAST COLLEGE WAY, STE H

Reply ISO Summary Judgment
(Case No. 2:21-cv-00024-MLP)

6

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6648

MOUNT VERNON, WA 98273-5500

Reply ISO Summary Judgment
(Case No. 2:21-cv-00024-MLP)

7

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6648