The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL M. WRIGHT *et al*.<br><br>Defendants. | Civil Action No. 3:21-cv-24-BJR<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Currently before the Court is the United States of America's ("Defendant") motion for summary judgment in which it requests that the surplus funds from the non-judicial foreclosure sale of 386 SE Pasek St., Oak Harbor, WA 98277 ("Subject Property") be awarded to it. Dkt. No. 5. Quality Loan Service Corporation of Washington ("Quality") opposes the motion, but only to the extent that Defendant also seeks to recover approximately $1,000 in fees and costs that Quality alleges it incurred when it filed the instant interpleader action in Island County state court.[1] No other party to this action opposes or otherwise responded to Defendant's motion.

---

[1] Defendant removed the action to this district court on January 8, 2021. Dkt. No. 1.

Having reviewed the motion and opposition thereto, the record of the case, and the relevant legal authority, the Court will GRANT in part the motion. The reasoning for the Court's decision follows.

## II.     BACKGROUND

On March 13, 2020, the mortgage holder on the Subject Property instituted a non-judicial foreclosure action on the Subject Property because of non-payment. Quality, acting as the Successor Trustee, executed the foreclosure sale. After satisfying the obligation to the mortgage holder, as well as Quality's fees associated with the sale, the foreclosure resulted in a surplus of $153,559.07. Pursuant to RCW 61.24.080(3), Quality deposited $152,465.72 through an interpleader action with the Island County state court, withholding an additional $1,093.35 from the surplus funds as "Attorney Fees and Costs" associated with the interpleader action. Dkt. No. 1, Ex. B at 32-34.

Defendant removed the matter to this Court in January 2021 and filed an answer to the interpleader complaint. Dkt. Nos. 1, 2. No other party appeared and no other activity occurred in this action until Defendant filed the instant motion for summary judgment on June 4, 2021. Dkt. No. 5. In the motion, Defendant alleges that it duly recorded Notices of Federal Tax Liens on the Subject Property in the County Auditor for Island County, Washington for federal taxes in excess of $300,000 and is therefore entitled to the surplus funds. Defendant further alleges that because the federal tax liens take priority over any claim by Quality as the Successor Trustee on the sale, it was improper for Quality to take attorney fees and costs associated with filing the interpleader action in Island County state court. Defendant requests that this Court award the full $153,559.07 to it. As stated above, Quality does not dispute that Defendant is entitled to $152,465.72 of the surplus funds, but it does object to Defendant's attempt to recover the $1,093.35 it paid itself for "Attorney Fees and Costs" associated with the interpleader action.

### III.     DISCUSSION

The only contested issue before this Court is whether Quality is entitled to the $1,093.35 in fees and costs it incurred by filing the interpleader action in state court. RCW 61.24.080 governs the disposition of the proceeds from a non-judicial foreclosure sale. The code provides that the trustee may recover from the proceeds "the expense of the sale, including a reasonable charge by the trustee and by his or her attorney." RCW 61.24.080(1). The code further provides that if a surplus exists after the obligation secured by the deed of trust has been satisfied, the trustee is required to deposit the surplus funds "with the clerk of the superior court of the county in which the sale took place." *Id*. at 61.24.080(3). Lastly, the code states that the trustee may hold back the cost of the "clerk's filing fee" from the surplus before depositing the funds.

Quality argues that it incurred the $1,093.35 in fees and costs when it deposited the surplus funds with Island County state court and, as such, it is entitled to recover those costs pursuant to RCW 61.24.080(1) because the interpleader action is part of the "expense of the sale" of the Subject Property. Defendant counters that, at most, Quality is only entitled to be reimbursed for the clerk's filing fee associated with the interpleader action per RCW 61.24.080(3).

Defendant has the better argument. First, RCW 61.24.080(3) clearly delineates what costs and fees the trustee is entitled to recover when depositing the surplus funds—the clerk's filing fee. If the Washington Legislature wanted to also afford a trustee coverage for its attorney's fees, it could have so stated. It did not and this Court cannot read more into the statute than the Legislature intended. *State v. J.P*., 69 P.3d 318, 320 (Wn. 2003) quoting *State v. Delgado*, 63 P.3d 792 (Wn. 2003) (a court "cannot add words or clauses to an unambiguous statute").  Second, while courts have discretion to award attorney fees to a disinterested stakeholder such as a trustee in an interpleader action, this Court cannot do so here because the Ninth Circuit has unequivocally stated

that "the existence of prior federal tax liens gives the government a statutory priority over the interpleader plaintiff's ability to diminish the fund by an award of fees." *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516-517 (9th Cir. 1984) (citing string of cases).

Therefore, the Court concludes that Quality is entitled to hold back $250.00 from the surplus funds, which represents the Island County Clerk's filing fee, and nothing more. Furthermore, Defendant has established that it has in excess of $300,000 in federal tax liens (*see* Dkt. No. 5, Exs. 1 & 2) and that it served notice of the instant motion on all potentially interested parties per RCW 61.24.080(3) (*see* Dkt. No. 5 at pp. 14-15). Given that no other potentially interested party opposed Defendant's motion, the Court concludes that the surplus funds from the sale of the Subject Property, less the $250.00 filing fee, shall be awarded to Defendant.

### IV.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS in part Defendant's motion for summary judgment and ORDERS that $153,309.07 of the surplus funds be awarded to Defendant.

Dated this 16th day of August 2021.

*/s/ Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge